## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TILE, INC, <br><br>        Plaintiff, <br><br> v. <br><br> BLAZING PRICES, et al., <br><br>        Defendants. | Civil Action No. 3:20-cv-05653-FLW-DEA <br><br> **ORDER** |

**THIS MATTER** having been opened to the Court by Plaintiff Tile, Inc., through counsel Michael Robert Murphy, Esq., on a Motion to Enter Default Judgment against Defendant Direct Distributor pursuant to Fed. R. Civ. P. 55(a), *see* ECF Nos. 89-90; it appearing that Defendant Direct Distributor has not opposed the motion, noticed counsel, or appeared; it appearing that the Clerk of the Court entered a default against Direct Distributor on March 10, 2020, *see* ECF No. 51; the Court having considered Plaintiff's submissions in connection with the motion pursuant to Fed. R. Civ. P. 78; the Court **GRANTS** Plaintiff's default judgment motion and makes the following findings:

(1)    Plaintiff designs wireless, Bluetooth tracking devices for which it has a patent. *See* Def. Br., at 1. Plaintiff sells its devices under a federally registered trademark. *Id.* On October 8, 2019, Plaintiff filed a Complaint against six Defendants, including Direct Distributor, alleging trademark infringement under the Lanham Act. *See* 15 U.S.C. §§ 1114, 1125(a). Plaintiff contends that Defendants sold its devices on Amazon without authorization, represented them as "new" even though they were open-packaged, used, and liquidated, and advertised a warranty which did not exist on resale. *See* Def. Br., at 3; Compl., ¶¶ 33-35.

(2)     On December 18, 2019, Plaintiff filed its First Amended Complaint. Defendants were required to respond by January 9, 2020. All did, except Direct Distributor. As a result, the Clerk of the Court entered a default against Direct Distributor on March 10, 2020. *See* ECF No. 51. Plaintiff served Direct Distributor with the original Complaint and Summons on October 18, 2019, *see* ECF No. 8, the First Amended Complaint on December 19, 2019, *see* ECF No. 47, and the Second Amended Complaint sometime after May 20, 2020. *See* Def. Br., at 5. Because Direct Distributor still has not appeared in this case, Plaintiff moves for default judgment and "a permanent injunction to prevent [Direct Distributor] . . . from infringing [Plaintiff's] trademarks in the future." *See* Def. Br., at 5-6.

(3)     Under Fed. R. Civ. P. 55, obtaining a default judgment is a two-step process. The clerk must first enter a certificate of default upon a showing that a party has "fail[ed] to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Then a court must determine whether the allegations, accepted as true, plausibly state a cause of action under the relevant substantive law. Fed. R. Civ. P. 55(b)(2); *Comdyne I Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Here, the Clerk of the Court entered a default against Direct Distributor on March 10, 2020, *see* ECF No. 51, so the Court need only determine whether Plaintiff has stated a cause of action for trademark infringement under the Lanham Act.

(4)     The Lanham Act provides a registration system and "federal statutory protection" for trademarks. *See United States Patent & Trademark Office v. Booking.com B.V.*, 140 S. Ct. 2298, 2302 (2020); *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985). To plausibly allege a cause of action for trademark infringement under

2

the Lanham Act, a plaintiff must show that: "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A & H Sportswear, Inc., v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (citations omitted).

(5)     Plaintiff owns the mark at issue here. *See* Reg. No. 5,561,759; Reg. No. 5,561,760; Compl. ¶¶ 24-26. Ownership, in turn, creates a presumption that the mark is valid and legally protectible. *See Booking.com*, 140 S. Ct. at 2302 ("The owner of a mark on the principal register enjoys valuable benefits, including a presumption that the mark is valid."). Plaintiff satisfies the first two elements of trademark infringement to that extent. *See Coach, Inc. v. Quisqueya Agency Inc.*, No. 13-3261, 2014 WL 3345434, at *1 (D.N.J. July 8, 2014) ("The first two elements are satisfied by registration and ownership of the relevant trademarks."); *E.A. Sween Co. v. Deli Express of Tenafly, LLC.*, 19 F. Supp. 3d 560, 568 (D.N.J. 2014) ("A certificate of registration . . . constitutes prima facie evidence of the validity and ownership of a disputed mark and is therefore sufficient to establish the first and second elements of trademark infringement.") (citations and internal quotations omitted).

(6)     To determine whether a defendant's use of a mark is likely to cause confusion under the third element, courts consider ten non-exhaustive factors, *see Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983), although they are merely "tools to guide a qualitative decision . . . not to be mechanically applied." *A & H Sportswear*, 237 F.3d at 210. The factors are: "(1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers

3

when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market." *Lapp*, 721 F.2d at 463.

(7)    Plaintiff alleges that Direct Distributor sells actual Tile devices—but open-packaged, used, and not under warranty—to unwitting customers expecting to buy new devices from an authorized reseller. These devices bear Plaintiff's registered mark. That alone is sufficient to establish a likelihood of confusion under the Lanham Act. *See, e.g.*, *Iberia Foods Corp. v. Romeo*, 150 F. 3d 298, 303 (3d Cir. 1998) ("When the products sold by the alleged infringer and the trademark owner contain identical marks but are materially different, consumers are likely to be confused about the quality and nature of the trademarked goods."); *Opticians Ass'n of Am. v. Independent Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990) (finding "likelihood of confusion . . . inevitable, when . . . the identical mark is used concurrently"); *U.S. Jaycees v. Phila. Jaycees*, 639 F.2d 134, 142 (3d Cir. 1981) (finding "a great likelihood of confusion [exists] when an infringer uses the exact trademark"); *Tile, Inc. v. Computron Sys. Int'l*, No. 20-2297, 2020 WL 4452058, at *2 (E.D.N.Y. Aug. 3, 2020) ("It is self-evident that a consumer buying a Tile-branded product from

defendant thinks he is getting an authorized Tile product when he is not, and he is thereby confused. The misrepresentation of the warranty and the origin of the product is the very *raison d'etre* for defendant's tortious conduct. Plaintiff's motion proves every element of federal trademark infringement."); *Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 312 (S.D.N.Y. 2007) (noting the limited relevance of balancing factors where "the trademark at issue is always plaintiff's actual mark" and is placed on a product that is "*almost* the same," as here). Accordingly, Plaintiff has plausibly stated a cause of action for trademark infringement under the Lanham Act, and default judgment is warranted.[1]

(8)     Finally, Plaintiff seeks a permanent injunction. The Lanham Act empowers courts "to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right [of a trademark holder]." 15 U.S.C. § 1116(a). To obtain permanent injunctive relief, "[a] plaintiff must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

(9)     The Court finds ample grounds for a permanent injunction here. First, Plaintiff plausibly alleges irreparable injury from "loss of control of reputation, loss of trade,

---

[1]     The Court reaches the same result with respect to Plaintiff's unfair competition claim. *See A & H Sportswear*, 237 F.3d at 210 ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards.").

and loss of good will" associated with Direct Distributor's sale of liquidated, out-of-warranty Tile devices, which has almost certainly already confused consumers. *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 510 (D.N.J. 2014) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 726 (3d Cir. 2004)). Second, reputational injury and loss of control are "neither calculable nor precisely compensable." *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011); *Microsoft Corp. v. Gonzales*, No. 06-4331, 2007 WL 2066363, at *7 (D.N.J. July 13, 2007) (finding monetary relief insufficient); *see also El Greco Leather Prods. Co., Inc. v. Shoe World*, 806 F.2d 392, 395 (2d Cir. 1986) ("One of the most valuable and important protections afforded by the Lanham Act is the right to control the quality of the goods manufactured and sold under the holder's trademark."). Third, a permanent injunction will not impose a hardship on a defendant such as Direct Distributor, who must simply "comply with the . . . Lanham Act." *Louis Vuitton Malletier, S.A. v. Mosseri*, No. 07-2620, 2009 WL 3633882, at *5 (D.N.J. Oct. 28, 2009) (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 8820-83 (S.D. Ohio 2007)); *Luxottica Grp. S.p.A. v. Accessory Consultants LLC*, No. 19-11732, 2020 WL 1910378, at *7 (D.N.J. Apr. 20, 2020) ("Defendant is not being deprived of anything to which it is entitled."). Finally, the public interest is necessarily served by injunctive relief, since the purpose of the Lanham Act is to protect the public from deception or confusion, and to preserve the integrity of government-granted property rights such as trademarks. *See Liquid Glass Enterprises, Inc. v. Dr. Ing. h.c.F. Porsche AG*, 8 F. Supp. 2d 398, 403, 407 (D.N.J. 1998) (quoting *Opticians Ass'n of Am.*, 920 F.2d at 197); *Luxottica Grp., S.p.A. v.*

*Shore Enuff*, No. 16-5847, 2019 WL 4027547, at *10 (D.N.J. Aug. 27, 2019). Accordingly, the Court grants Plaintiff's request for a permanent injunction enjoining Direct Distributor from selling, advertising, or taking any steps to sell or advertise any Tile devices bearing the Tile mark.

**IT IS** on this 29th day of March 2021,

**ORDERED** that Plaintiff's Motion to Enter Default Judgment against Direct Distributor is **GRANTED**, Direct Distributor is enjoined from infringing Plaintiff's trademark in the manner described herein, and this matter is **TERMINATED**.[2]

/s/ Freda L.  Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[2]     Defendants Tech Suppliers LLC d/b/a Hampshire, Alltell Limited LLC d/b/a iHeaven, and BJ Trading LLC d/b/a #1 Greatest Deals were dismissed by stipulation, *see* ECF No. 87, Defendant Everythingdeals was dismissed voluntarily, *see* ECF No. 88, and Defendant Blazing Prices was dismissed on January 17, 2020. As such, no defendant remains.